GRIMES, Judge.
This is an appeal from a judgment of bond forfeiture.
Robert Caivano was convicted of possession and sale of cocaine. A $10,000 superse-deas bond was issued pending appeal in which Caivano was designated as principal and Stuyvesant Insurance Company was designated as surety. The judgments were *629 affirmed but the cause was remanded for proper sentencing because of a violation of the same transaction rule. Caivano v. State, 276 So.2d 245 (Fla.2d DCA 1973). Caivano appeared for resentencing on February 11, 1974. At this time the court placed Caivano on probation for a period of three years.
The state then appealed from the order withholding sentence and placing Caivano on probation. Treating the appeal as a petition for certiorari, this court concluded the original mandate had been altered and directed that Caivano be resentenced according to its terms. Thereupon, Caivano was ordered to appear on June 18, 1975, to be sentenced according to the original mandate. When Caivano failed to appear for sentencing at that time, proceedings were instituted which resulted in the forfeiture of the bond.
The narrow issue involved is whether Stuyvesant had fully complied with the condition of its bond when it first caused Caiv-ano to appear for resentencing following the original appeal.
The supersedeas bond was issued in connection with Caivano’s appeal from the judgments of conviction. The condition of the bond read as follows:
“NOW THEREFORE if the said Robert Caivano shall diligently prosecute his said appeal and, in the event that said appeal be dismissed or the said judgment and sentence be affirmed, shall be personally forthcoming in the above named court to answer and abide the final order, sentence or judgment which may be passed in the premises by virtue of the appellate court, and, in case the cause is reversed and remanded, shall personally be and appear at the next term of the said court, in which the case was originally determined, thereafter to be held (from day to day and term to term) to answer in the premises and not to depart from the court without leave thereof, then this obligation to be null and void else to remain in full force, effect and virtue.”
When the case was remanded, the bonding company caused Caivano to appear for resentencing. This was all that the bonding company was obligated to do. It was the state and not Caivano which appealed the order placing Caivano on probation. The language of the bond cannot be read to require the bonding company to cause Caiv-ano to reappear for further sentencing should the state’s appeal be successful. The fact that Caivano was at liberty on probation pending the state’s appeal and, therefore, in a position to disobey the subsequent order to reappear was of no concern to the bonding company.
Since the bonding company has fully performed the condition of its bond, there was no occasion for an estreature. Accordingly, the judgment of bond forfeiture is hereby vacated.
BOARDMAN, C. J., and McNULTY, J., concur.